UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TYQUEZ HODGE,

          Plaintiff,

  v.

NATASHA MARSHALL, et al.,

          Defendants.

CASE NO. 2:23-CV-5927-DGE

REPORT AND RECOMMENDATION

Noting Date: March 22, 2024

     The District Court has referred Plaintiff TyQuez Hodge's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19. On October 13, 2023, Plaintiff filed an application to proceed IFP, that is, without paying the filing fee for a civil case. *See* Dkt. 1. The undersigned screened the proposed complaint and determined Plaintiff failed to state a claim upon which relief could be granted. The Court directed Plaintiff to file an amended complaint or face dismissal of this action. Dkt. 2. Plaintiff did not file an amended complaint by the deadline and the undersigned recommended dismissal for failure to comply with a Court order. Dkt. 3. After the undersigned entered the Report and Recommendation, Plaintiff filed a proposed

REPORT AND RECOMMENDATION - 1

amended complaint. Dkt. 4. The Honorable David G. Estudillo, the District Judge assigned to this case, re-referred the Application to Proceed IFP to the undersigned for consideration in light of the proposed amended complaint. *See* Dkt. 5.

After consideration of the proposed amended complaint, the Court finds Plaintiff has not stated a claim upon which relief can be granted. As Plaintiff has been given leave to amend and has been unable to cure the deficiencies of his claims, the Court recommends that additional leave to amend not be given, Plaintiff's Application to Proceed IFP be denied, and this case be dismissed.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed. *See* Dkt. 1. He has received approximately $1,200.00 over the past twelve months. *Id*. Plaintiff has no cash on hand and $30.00 in his bank accounts. *Id*. at p. 2. He has no assets. *Id*. Plaintiff's monthly expenses are $2,800.00. *Id*.

**Review of the Complaint.** The Court has carefully reviewed the proposed amended complaint in this matter. Because Plaintiff filed this proposed amended complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the proposed amended complaint, Plaintiff alleges he was "targeted by Conifer management team and the SMMC security team." Dkt. 4 at 4. Plaintiff states he made complaints to non-party Natasha Marshall and she and non-party Tiffany Guilford responded by making frivolous claims

REPORT AND RECOMMENDATION - 2

against Plaintiff's character because of his sexuality and race. *Id*. Plaintiff states he was terminated for reporting his accusations to the Equal Employment Opportunity Commission ("EEOC"). *Id*.

    ***Sua Sponte* Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

    A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

    **Analysis of Plaintiff's Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

REPORT AND RECOMMENDATION - 3

1  Here, in the proposed amended complaint, Plaintiff has again failed to provide sufficient claims.
2  Dkt. 4. He simply states he was targeted and discriminated against, but he does not provide
3  sufficient factual allegations supporting his claims. *See id*. at 5. For example, Plaintiff's
4  allegations do not state how defendants, or any other person, discriminated against him or
5  racially targeted him. Rather, he just asserts, without factual allegations, that he was targeted.

6    In sum, Plaintiff has failed to provide clarity regarding the nature of his claims sufficient
7  to show what happened, when it happened, who was involved, and how those acts violated his
8  rights. As such, Plaintiff has not stated a short and plain statement of a claim showing he is
9  entitled to relief. *See Iqbal*, 556 U.S. at 678 (2009) (a pleading must be more than an
10 "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Twombly,* 550 U.S. at
11 545 (to state a claim for relief, "[f]actual allegations must be enough to raise a right to relief
12 above the speculative level").  Accordingly, Plaintiff has failed to state a claim upon which relief
13 can be granted.

14   **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of
15 a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an
16 opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245,
17 248 (9th Cir.1995). Plaintiff was given notice of the deficiencies of his proposed complaint. Dkt.
18 2. Plaintiff failed to provide sufficient factual allegations to cure the deficiencies of his proposed
19 complaint. Therefore, Plaintiff should be not be afforded another opportunity to amend his
20 proposed complaint.

21   **Decision on Application to Proceed IFP**.  A district court may deny leave to proceed
22 IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous
23 or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v.*
24

REPORT AND RECOMMENDATION - 4

*First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above analysis of the deficiencies in the proposed amended complaint, the Court recommends Plaintiff's application to proceed IFP (Dkt. 1) be denied.

**Conclusion.** For the above stated reasons, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 22, 2024, as noted in the caption.

Dated this 1st day of March, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5